## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL BOTT,<br>on behalf of plaintiff and a class,<br><br>    Plaintiff,<br><br>    vs.<br><br>OLIPHANT FINANCIAL<br>CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. _____<br><br>Counsel of Record for Plaintiffs:<br>Richard Shenkan, Esq.<br>Pa. Id. No. 79800<br>Shenkan Injury Lawyers, LLC.<br>P.O. Box 7255<br>New Castle, PA 16107<br>P: (800) 601-0808<br>F: (888) 769-1774 |

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.    Plaintiff Daniel Bott brings this action to secure redress from unlawful collection practices engaged in by defendant  Oliphant Financial Corporation.   Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and state law.

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.    Specifically, plaintiff alleges that Oliphant Financial Corporation threatens credit reporting on debts that are so old that they can no longer be reported on credit reports and misleadingly offers "settlements" of time-barred debts, implying that a legally enforceable claim exists.

4.    The TCPA restricts the use of automated equipment to dial cellular telephones.

5.    Plaintiff alleges that Oliphant Financial Corporation caused automated calls to be placed to plaintiff's cell phone without his prior express consent.

1

## VENUE AND JURISDICTION

6.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

7.     Venue and personal jurisdiction in this District are proper because defendant's collection communications and activities impacted plaintiff within this District.

## PARTIES

8.     Plaintiff is an individual who resides in the Hazleton, Pennsylvania.

9.     Defendant Oliphant Financial Corporation is a corporation with offices at 9009 Town Center Parkway, Lakewood Ranch, FL 34202.

10.     Oliphant Financial Corporation is engaged in the business of purchasing or claiming to purchase charged-off consumer debts, including auto retail installment contract and lease debts, and enforcing those debts against consumers.

11.     Oliphant Financial Corporation pays an average of less than ten cents on the dollar for the debts it purchases.

12.     Oliphant Financial Corporation regularly uses the mails and telephones to collect debts.

13.     Oliphant Financial Corporation is the plaintiff in numerous lawsuits seeking to collect consumer debts.

14.     Because the purported obligations were originally owed to other entities and were charged off prior to purchase, Oliphant Financial Corporation is a "debt collector" as defined in the FDCPA.

## FACTS

15.     On or about July 29, 2013, Oliphant Financial Corporation sent plaintiff the letter attached as Exhibit A.

16.     Exhibit A is a form letter regularly used by Oliphant.

17.     Exhibit A seeks to collect an amount allegedly owed by plaintiff on account of an

2

automobile lease entered into for personal, family or household purposes and not for business purposes.

18.    The lease had been in default since August 2005, as shown by <u>Exhibit B</u>.

19.    Oliphant claims to have acquired the debt subsequent to the alleged default.

20.    The debt went into default more than 7 years prior to the sending of <u>Exhibit A</u>.

21.    During September and October, 2013, and possibly earlier, plaintiff received automated telephone messages on his cell phone from phone numbers 800-262-1999 and 866-486-5784 .

22.    The 800-262-1999 and 866-486-5784 numbers are issued to defendant.

23.    On information and belief, the calls were placed using predictive dialers and a recorded voice.  The predictive dialers place calls without human intervention and play a message.

24.    Plaintiff did not authorize the automated placement of calls to his cell phone.

25.    Plaintiff did not furnish his cell phone number to defendant or putative creditor.

26.    Plaintiff and each class member is entitled to statutory damages.

27.    Defendant violated the TCPA even if its actions were only negligent.

28.    Defendant should be enjoined from committing similar violations in the future.

### Time restrictions on credit reporting

29.    Under federal law, a delinquent debt cannot appear on a person's credit report more than 7 years and 180 days after the beginning of the delinquency.

30.    The Fair Credit Reporting Act, 15 U.S.C. §1681c ("FCRA"), provides:

**§ 1681c.  Requirements relating to information contained in consumer reports**

**(a) Information excluded from consumer reports.  Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:**

**(1) Cases under title 11 of the United States Code or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of**

3

adjudication, as the case may be, antedate the report by more than 10 years.

(2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.

(3) Paid tax liens which, from date of payment, antedate the report by more than seven years.

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .

(c) Running of reporting period.

(1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action. . . .

There is an exception for special reports prepared in connection with credit and life insurance transactions involving more than $150,000 and employment at more than $75,000.

31.     At the time Exhibit A was sent, the reporting period with respect to plaintiff's debt had expired.

32.     Exhibit A nevertheless states that "You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

33.     Defendant knew or was chargeable with knowledge that the reporting period had expired.

34.     Statements about reporting older debts are both "deceptive" and "unfair" in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f.   *Redd v. Arrow Financial*, 03 C 1341 (N.D.Ill., July 23, 2003); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011).

35.     The only reason for referring to credit bureau reporting in Exhibit A is to

induce the consumer to believe that the credit bureau can have them appear on a credit report.

36.    It is the policy and practice of defendant, when seeking to collect debts that are more than 7.5 years old, to refer to credit reporting.

### Time limitations on collection of debts

37.    The statute of limitations applicable to the collection of auto retail installment contracts and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code, Pa. St., tit. 13, §§2725, 2A506

38.    Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ."

39.    Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ."

40.    Most states have enacted the standard Uniform Commercial Code statute of limitations and have held that it applies to an action to recover the money owed under a contract for the sale of goods, including:

      a.    California:  *Massey-Ferguson Credit Corp. v. Casaulong*, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); *Jack Heskett Lincoln-Mercury v. Metcalf*, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984).

      b.    Delaware: *Worrel v. Farmers Bank of Delaware*, 430 A.2d 469 (Del. 1981).

      c.    Hawaii:  *First Hawaiian Bank v. Powers*, 93 Haw. (App.) 174, 998 P.2d 55, 67 (2000).

      d.    Illinois: *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law).

e.  Kentucky: *Barnes v. Community Trust Bank*, 121 S.W.3d 520 (Ky. App. 2003).

f.  Maryland: *Scott v. Ford Motor Credit Co.*, 345 Md. 251, 691 A.2d 1320 (1997).

g.  Michigan: *First of Am. Bank v. Thompson*, 217 Mich. App. 581; 552 N.W.2d 516 (1996).

h.  Missouri: *D.A.N. J.V. III v. Clark*, 218 S.W.2d 455 (Mo.App. 2006);

i.  Nevada: *Mobile Discount Corp. v. Price*, 99 Nev. 19, 656 P.2d 851 (1983).

j.  New Jersey: *Associates Discount Corp. v. Palmer*, 47 N.J. 183, 219 A.2d 858 (1966); *Ford Motor Credit Co. v. Arce*, 348 N.J.Super 198 (App. Div. 2002).

k.  New Mexico: *First National Bank v. Chase*, 118 N.M. 783, 887 P.2d 1250 (1994).

l.  New York: *Matter of Village of Scarsdale v New York City Water Bd.*, 33 A.D.3d 1011, 824 N.Y.S.2d 325 (2nd Dept. 2006); *Wuhu Import & Export Corp. v. Capstone Capital, LLC*, 39 A.D.3d 314; 834 N.Y.S.2d 129 (1st Dept. 2007); *Herba v. Chichester*, 301 A.D.2d 822, 823, 754 N.Y.S.2d 695 (3rd Dept. 2003); *Alice A. Baker, Inc. v. Norton*, 192 Misc. 2d 511; 747 N.Y.S.2d 146 (Sup.Ct. Rensselaer Co. 2002); *Bluefin Wear, Inc. v Tuesday's Child Boutique, Inc.,* 13766/10, 33 Misc. 3d 1233A; 2011 N.Y. Misc. LEXIS 5817; 2011 NY Slip Op 52231U (Sup.Ct. Kings Co. Dec. 14, 2011).

m.  Ohio: *May Co. v. Trusnik*, 54 Ohio App.2d 71, 375 N.E.2d 72 (Ohio App. 1977).

n.  Pennsylvania: *Gimbel Bros., Inc. v. Cohen*, 46 Pa. D. & C.2d 747, 6 UCC

Rep. Serv. 803 (C.P 1969); *Action Management Inc. v. Fratello*, 46 Pa. D. & C.4th 139 (C.P. 2000)*; Industrial Valley Bank v. Sharpe*, 15 Pa. D. & C.3rd 506 (C.P. 1980); *First National Bank v. Keefer*, 76 Pa. D. & C. 4th 233 (C.P. 2005).

o.    Texas: *Ideal Builders Hardware Co. v. Cross Constr. Co.*, 491 S.W.2d 228 (Tex. Civ. App. 1972).

p.    Vermont: *DaimlerChrysler Servs. N. Am., LLC v. Quimette*, 175 Vt. 316, 830 A.2d 38 (2003).

41.    Hereinafter, the District of Columbia and the 41 states other than Louisiana, Colorado, Iowa, Mississippi, North Carolina, Oklahoma, Oregon, South Carolina, and Wisconsin are referred to as the "applicable jurisdictions."  (Louisiana has not adopted Articles 2 and 2A of the UCC at all and the limitations provisions in the other listed states are non-standard.)

42.    As a claimed assignee, Oliphant is subject to all legal and equitable defenses existing at the time of the assignment. *Commonwealth  v. Pressley*, 331 Pa.Super. 43, 479 A.2d 1069 (1984).

43.    Although it was clear that the statute of limitations had expired on plaintiff's alleged debt in 2009, defendant Oliphant Financial Corporation states in <u>Exhibit A</u> that the debt remains an "obligation" that must be "satisf[ied]" and requests that recipient to "contact our office to work out a payment plan" or make a "settlement" at a "discount."

44.    The quoted statements are misleading because they imply to the least sophisticated consumer that there is an enforceable legal obligation.

45.    The Federal Trade Commission has determined  that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)   In early 2012, the FTC entered into a consent

decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

46.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004.   The orders require that "the Bank shall continue to provide disclosures  concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

47.     The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003,  p. 6 of 28).  Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

48.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry,* available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf.  The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases.

49.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a

debt is time barred in a debt collection letter is material to the consumer.

50.     In *Delgado v. Capital Management Services, LP*, 13-8009 (7th Cir.), the FTC and CFPB filed an amicus brief stating their position that settlement offers on time-barred debts made without disclosure of the fact that the debt is time-barred may be misleading.

51.     It is the policy and practice of defendant, when seeking to collect and making settlement offers on time-barred debts, to not disclose the fact that they are time-barred.

## COUNT I – FDCPA – THREATS OF CREDIT REPORTING

52.     Plaintiff incorporates paragraphs 1-41.

53.     Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by referring to credit reporting on debts so old that they cannot be reported on an ordinary credit report.

54.     Section 1692e provides:

**§ 1692e.       False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of–**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . .**

55.     Section 1692f provides:

**§ 1692f.       Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ACTION ALLEGATIONS

56.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

57.    The class consists of (a) all individuals (b) with respect to whom defendant sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect a consumer debt (d) which letter referred to credit reporting (c) more than seven years after the debt was charged off (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

58.    On information and belief, the class is so numerous that joinder of all members is not practicable.

59.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

      a.    Whether defendant engaged in a practice of suggesting that debts too old to appear on a credit report would be so reported; and

      b.    Whether such practice violates the FDCPA.

60.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

61.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

62.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Individual actions are not economically feasible.

      b.    Members of the class are likely to be unaware of their rights;

      c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

        i.      Statutory damages;

       ii.      Attorney's fees, litigation expenses and costs of suit;

      iii.      Such other and further relief as the Court deems proper.

### COUNT II – FDCPA

63.     Plaintiff incorporates paragraphs 1-51.

64.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending letters offering to settle time-barred debts without disclosure of that fact.

### CLASS ALLEGATIONS

65.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

66.     The class consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant Oliphant Financial Corporation sent or caused to be sent a letter (c) offering a settlement of an auto retail installment contract and lease debts (d) more than four years after the later of default, repossession, or chargeoff, or last payment, (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

67.     On information and belief, each class is so numerous that joinder of all members is not practicable.

68.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants attempt to settle time-barred debts without disclosure of that fact and whether such practice violates the FDCPA.

69.     Plaintiff's claim is typical of the claims of the class members. All are based on the

same factual and legal theories.

70.     Plaintiff will fairly and adequately represent the class members.  Plaintiff
has retained counsel experienced in class actions and FDCPA litigation.

71.     A class action is superior for the fair and efficient adjudication of this matter, in
that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism
         under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class
and against defendants for:

      i.     Statutory damages;

      ii.    Actual damages, including all amounts collected on time-barred
        debts;

      iii.   Attorney's fees, litigation expenses and costs of suit; and

      iv.    Such other and further relief as the Court deems proper.

## COUNT III – TCPA

72.     Plaintiff incorporates paragraphs 1-51.

73.     The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

      **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

           **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or**

other radio common carrier service, or any service for which the called party is charged for the call; . . .

74.     The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

75.     Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

76.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with cellular numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

77.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

78.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

b.    The manner in which defendant obtained the cell phone numbers;

c.    Whether defendant thereby violated the TCPA.

79.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

80.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

81.    Several courts have certified class actions under the TCPA. Balbarin v. North Star Capital Acquisition, LLC, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D.Ill., January 5, 2011) (cell phone); Mitchem v. Illinois Collection Serv., 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D.Ill., January 3, 2011) (cell phone); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008) (fax); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008) (fax); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007) (fax); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008) (fax); Travel 100 Group, Inc. v. Empire Cooler Service, Inc. , 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004) (fax); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005) (fax); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006) (fax); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007) (fax); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008) (fax);  ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (fax); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003)

(fax); <u>Nicholson v. Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (fax).

       82.    Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    (1)    Statutory damages;

    (2)    An injunction against further violations;

    (3)    Costs of suit;

    (4)    Such other or further relief as the Court deems just and proper.

Shenkan Injury Lawyers, LLC

By: Richard Shenkan

Richard Shenkan
SHENKAN INJURY LAWYERS, LLC.
P.O. Box 7255
New Castle, PA 16107
(800) 601-0808 (Phone)
(888) 769-1774 (FAX)


Pro hac vice application to be submitted:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan